IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY L. HARPOOL,

    Plaintiff,                     No. CIV S-10-1253 GGH P

    vs.

M. BEYER, et al.,

    Defendants.                  <u>ORDER</u>

/

         Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $13.68 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

\\\\\

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff names the following as defendants: Correctional Officer (C/O) M. Beyer, C/O Carter, C/O B. Koelling, C/O Seuber, C/O Palwick, C/O Rosario, Correctional Sergeant Fowler, Correctional Lieutenant S. Knerl. Complaint, pp. 1-2. The difficulty in unravelling plaintiff's allegations arises primarily from plaintiff's having failed to provide, as required by Fed. R. Civ. P. 8(a)(2), "a short and plain statement of the claim showing that the pleader is entitled to relief...." His complaint, as best the court can discern after reviewing plaintiff's scattered allegations and his attached exhibits, appears to relate to five separate incidents. One incident arose on April 29, 2009, when plaintiff was placed in administrative segregation (ad seg) and advised that he would receive a CDC-RVR (rules violation report) after plaintiff was ordered by defendant Beyer to get his property and move to another housing unit, despite plaintiff having disabilities under the Americans with Disabilities Act (ADA) and the Chief Medical Officer (CMO) having ordered plaintiff not to lift over 2 pounds. Complaint and exhibits (Ex.), pp. 3-4, 16-26, 28-32, 34-35. Plaintiff maintains he was not delaying a peace officer but merely asserting his "constitutional right" to speak to the C/O's supervisor before being forced to violate his physical limitations pursuant to the ADA. Id., at 4. Plaintiff then recounts how he was listed as a Men's Advisory Council (MAC) member for Building 3 and that the MAC had been informed that Building 6 would be moved to Building 12 and although the MAC produced a list of those inmates volunteering to be moved, somehow C/O's were ordered to put together a "hit list" of inmates who were troublemakers or otherwise "undesirable" which was why plaintiff was ordered to move "without my permission...." Id. Plaintiff goes on to allege that the unwanted move also constituted retaliation for plaintiff's past complaints against defendants Carter and

Fowler as well as others plaintiff names whom he has not identified as defendants. Id. Plaintiff complains that at the RVR hearing maintains that he was deprived of a defense. Id., at 5. He notes that he was not assessed a loss of credits because of hearing errors. Id. He claims deprivation of due process and equal protection rights. Id.

The second incident involves plaintiff's having exited his cell on January 3, 2010 for medication whereupon defendant Palwick harassed plaintiff by asking him where he was going with his MAC folder "because you are not allowed to circulate and/or conduct MAC business on the weekends." Complaint, pp. 6, 13. Plaintiff informed defendant Palwick that according to, inter alia, a memo written by Warden Gary Swarthout (not a defendant), that members of the MAC executive body were allowed to circulate and conduct MAC business during open program and were issued special activity cards for that purpose. Id. Defendant Palwick threatened to move him if he persisted and ordered plaintiff to lock up in his cell, in retaliation for, some months earlier, a Captain Cappell (non-defendant) having told defendant Palwick and others that plaintiff could conduct MAC business during open program hours. Id. at 7.

The third incident occurred on February 14, 2010, when plaintiff was paged and told that he must report back to his unit because he was out-of-bounds. Complaint, p. 8. This occurred while plaintiff was conducting official MAC business; when plaintiff showed defendants Koelling and Seuber his MAC special activity card and the warden's January 31, 2010 memorandum, they stated that they did not care about the card and memo and because he was classified A2B and not allowed to participate in any special activity group on the weekends. Id. Plaintiff prepared a report about the incident. Id., at 33, 36.

Plaintiff then backtracks to discuss a similar incident (the fourth one) with defendant Rosario on January 22, 2010. Complaint, pp. 9, 15. He then segues to the fifth and final incident, occurring on March 15, 2010, involving defendant Palwick conducting a cell search (with German shepherds) for drugs and/or cellphones based on alleged information from a

confidential informant. Id., at 10.  Plaintiff complains of not having had a confidential informant disclosure form issued to him that day, alleges that there are health and safety issues implicated with the use of the dogs (fleas, ticks, etc.) and contends that the source was not credible because plaintiff has not been disciplined for use of drugs and/or cellphones.  Id.

Plaintiff sets forth a plethora of allegations involving claims of retaliation but he has not clearly framed a colorable one.  Inmates have a right to be free from the filing of false disciplinary charges in retaliation for the exercise of constitutionally protected rights.  Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).  The Ninth Circuit treats the right to file a prison grievance as a constitutionally protected First Amendment right.  Brodheim v. Cry,[1] 484 F.3d 1262, 1269 (9th Cir. 2009), citing Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir. 2005); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003); see also, Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997); Hines v. Gomez, 853 F. Supp. 329 (N.D. Cal. 1994) (finding that the right to utilize a prison grievance procedure is a constitutionally protected right, cited with approval in Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995)); Graham v. Henderson, 89 F.3d 75 (2nd Cir. 1996) (retaliation for pursing a grievance violates the right to petition government for redress of grievances as guaranteed by the First and Fourteenth Amendments); Jones v. Coughlin, 45 F.3d 677, 679-80 (2nd Cir. 1995) (right not to be subjected to false misconduct charges as retaliation for filing prison grievance); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (filing disciplinary actionable if done in retaliation for filing inmate grievances); Franco v. Kelly, 854 F.2d 584, 589 (2nd Cir. 1988) ("Intentional obstruction of a prisoner's right to seek redress of grievances is precisely the sort of oppression that section 1983 is intended to remedy" (alterations and citation omitted)); Cale v. Johnson, 861 F.2d 943 (6th Cir. 1988) (false disciplinary filed in

---

[1] "Retaliation for their exercise of this right is itself a constitutional violation, and prohibited as a matter of 'clearly established law.'" Brodheim, supra, citing Rhodes, supra, 408 F.3d at 566; Pratt v. Rowland, 65 F.3d 802, 806 & n. 4 (9th Cir. 1994).

5

retaliation for complaint about food actionable).

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).

This is not to say that a vexatious grievance filer can never be punished. Vexatious litigants may be the subject of court discipline, and the undersigned would find it incongruous that while the courts can punish vexatious filings, prison officials may not. Indeed, the right to petition for grievances is not absolutely protected; such a right has no greater protection than speech in general. Rendish v. City of Tacoma, 123 F.3d 1216 (9th Cir. 1997). In the prison context, one's free speech rights are more constricted from what they would be on the outside. O'Lone v. Estate of Shabazz, 482 U.S. 342, 107 S. Ct. 2400 (1987). Again, plaintiff must show that the actions or omissions constituting the "retaliation" served no legitimate penological goal.

With respect to his allegations of being harassed while conducting or attempting to conduct MAC business due to his having written/filed complaints/reports about the various defendants, plaintiff fails to state a claim because it is not readily apparent that what confrontations he had did relate to any such grievances and plaintiff has not shown how MAC business itself can remotely come under the umbrella of constitutionally protected conduct.

It is also unclear precisely how plaintiff's due process rights were violated at an RVR hearing which resulted in no loss of time credits. Plaintiff does not apparently seek to implicate his having been housed, however briefly, in ad seg. Plaintiff claims to have been treated unfairly because he believed he was being compelled to move despite his physical limitations and/or because he was targeted as undesirable (either, apparently, because of his MAC position and/or activities and/or for filing grievances or both). Plaintiff does not allege that he informed defendant Beyer of his physical limitations, but merely asserts that he should have known or did know of them, when plaintiff was told to move. Plaintiff alleges only that he insisted on speaking to a supervisor. Plaintiff does not claim that he was ever ultimately compelled to lift anything in excess of the weight limit to which he alleges he is subject, indicating that reasonable accommodation was made for him at some point or he was not ever moved in the end.

If plaintiff seeks to make a claim under the ADA, he may bring a claim pursuant to Title II of the ADA against state entities for injunctive relief and damages. See Phiffer v. Columbia River Correctional Institute, 384 F.3d 791 (9th Cir. 2004); Lovell v. Chandler, 303 F.3d 1039 (9th Cir. 2002). However, he cannot seek damages pursuant to the ADA against the defendants in their individual capacities. Eason v. Clark County School Dist., 303 F.3d 1137, 1144 (9th Cir. 2002), citing Garcia v. S.U.N.Y. Health, 280 F.3d 98, 107 (2d Cir. 2001). To the extent he makes claims of violations of the ADA against any individual defendant, such claims may proceed only to the extent that plaintiff seeks injunctive relief and has sued such individual defendant in an official capacity. Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003); Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of a disability. 42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997). To state a claim under Title II, the plaintiff must allege four elements: 1) the plaintiff is an individual with a

disability; 2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; 3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and 4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. Weinrich, 114 F.3d at 978.

With regard to plaintiff's complaint that he was being ordered to move without his own consent. In general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. See Board of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701 (1972). Nor does the Constitution guarantee a prisoner placement in a particular prison or protect an inmate against being transferred from one institution to another. Meachum v. Fano, 427 U.S. 215, 223-225, 96 S. Ct. 2532, 2538 (1976). See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985) (prison authorities may change a prisoner's "place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another" without violating the prisoner's due process rights).

Nor does plaintiff implicate any constitutional right based on the cell search. That inmates do not have any Fourth Amendment claim with respect to cell searches is well-established. Hudson v. Palmer, 468 U.S. 517, 525-526, 104 S, Ct. 3194, 3200 (1984) ("we hold that society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Plaintiff's claim of health and safety implications involving a search by German shepherds borders on the frivolous. Plaintiff's complaint will be dismissed but plaintiff will be granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $13.68. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: August 11, 2010                    /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
harp1253.b