IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY L. HARPOOL,

        Plaintiff,                     No. CIV S-10-1253 GGH P

    vs.

M. BEYER, et al.,

        Defendants.              ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff filed a "motion of inquiry and request for TRO and preliminary injunction," by application of the mailbox rule,[1] on August 10, 2010,[2] which was prior to the filing of this court's order, on August 11, 2010, granting plaintiff's request to proceed in forma pauperis but

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003)(mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (holding that "the Houston mailbox rule applies to § 1983 complaints filed by *pro se* prisoners").

[2] The motion was filed in this court on August 13, 2010 and entered into the docket on August 16, 2010.

1

1  dismissing the complaint with leave to amend.

2  TRO

3  The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent, however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction.[3] See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2, 98 S. Ct. 359 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

Preliminary Injunction Standard

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 374 (2008).

A Ninth Circuit panel has found that post-Winter, this circuit's sliding scale

---

[3] To the extent that this is an ex parte motion for a TRO without notice, the undersigned notes that there are stringent requirements to be imposed under Fed. R. Civ. P. 65 for issuance of such an order, which plaintiff clearly has not met. Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). Rule 65(b)(1) permits issuance of a TRO without "notice to the adverse party or its attorney, only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury...will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

approach or "serious questions" test survives "when applied as part of the four-element *Winter* test." Alliance for Wild Rockies v. Cottrell, No. 09-35756, 10855, 10865 (9th Cir. July 28, 2010) "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Discussion

Plaintiff asks for a TRO/preliminary injunction against all the defendants named within his original complaint as well as against the CDCR[4] based on additional evidence he submits with his motion. However, these exhibits, which consist of a handwritten letter, dated August 5, 2010, from plaintiff to Associate Warden Cappel, complaining about the actions of certain correctional officers while plaintiff was trying to conduct Men's Advisory Council (MAC) business, and a memo dated February 18, 2010, regarding "MAC Access to Programs," are hardly sufficient to serve as a basis for a preliminary injunction. Nor does plaintiff submit a properly supported affidavit demonstrating that he is likely to suffer irreparable harm in the absence of preliminary relief. Finally, at this time, as the complaint has been dismissed, albeit without prejudice, there are no colorable underlying allegations on which the court could make any assessment as to the likelihood of success on merits.

The motion will be vacated without prejudice to plaintiff's filing a properly supported affidavit demonstrating that he is likely to suffer irreparable harm without a preliminary injunction. Such a motion should only be filed after plaintiff files a timely amended

---

[4] California Department of Corrections and Rehabilitation.

1  complaint, the court finds his allegations colorable, and defendants have been served.

2          Accordingly, IT IS ORDERED that plaintiff's motion for a TRO/preliminary
3  injunction, filed on August 13, 2010 (docket # 10), is VACATED without prejudice, as set forth
4  above.

5  DATED: August 18, 2010

                                                      /s/ Gregory G. Hollows

                                                      GREGORY G. HOLLOWS
                                                      UNITED STATES MAGISTRATE JUDGE

GGH:009
harp1253.vac