IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY L. HARPOOL,

    Plaintiff,                    No. CIV S- 10-1253 MCE GGH P

    vs.

M. BEYER, et al.,                ORDER &

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' February 3, 2011, motion to dismiss for failure to exhaust administrative remedies as to certain claims and defendants, to which plaintiff filed an opposition, to which defendants filed a reply.[1]

Motion to Dismiss

        Defendants move for dismissal, under non-enumerated Fed. R. Civ. P. 12(b), for plaintiff's alleged failure to exhaust administrative remedies as to defendants Koelling, Seuber

---

[1] An opposition to the reply, or surreply, was filed by plaintiff but as such a filing is not contemplated within the Federal Rules of Civil Procedure and the Local Rules, this document will be disregarded.

1

and Palwick.[2]  Motion to Dismiss (MTD).

<u>Legal Standard under Non-Enumerated Fed.R.Civ.P. 12(b)</u>

In a motion to dismiss for failure to exhaust administrative remedies under non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure, defendants "have the burden of raising and proving the absence of exhaustion." <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).  The parties may go outside the pleadings, submitting affidavits or declarations under penalty of perjury, but plaintiff must be provided with notice of his opportunity to develop a record.  <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.  The court provided plaintiff with such fair notice by <u>Order</u>, filed on December 7, 2010 (docket # 21).

Should defendants submit declarations and/or other documentation demonstrating an absence of exhaustion, making a prima facie showing, plaintiff must refute that showing.  Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.  If the court determines that plaintiff has failed to exhaust, dismissal without prejudice is the appropriate remedy for non-exhaustion of administrative remedies.  <u>Wyatt v. Terhune</u>, 315 F.3d at 1120.

<u>PLRA Requirements</u>

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Inmates seeking injunctive relief must exhaust administrative remedies.  <u>Rumbles v. Hill</u>, 182 F.3d 1064 (9th Cir. 1999).  In <u>Booth</u>

---

[2] Originally, defendants brought their motion to dismiss on this ground as to all but defendant Beyer; however, in the Reply, the motion was withdrawn as to defendants Carter and Fowler, so the court will construe the motion at the outset as having been brought only on behalf of defendants Koelling, Seuber and Palwick.  See Reply, filed on February 22, 2011 (docket # 30), p. 1 n. 1.

v. Churner, 532 U.S. 731,741, 121 S. Ct. 1819, 1825 (2001), the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures. Therefore, inmates seeking money damages must also completely exhaust their administrative remedies. Booth v. Churner, 532 U.S. 731, 121 S. Ct. 1819 (inmates seeking money damages are required to exhaust administrative remedies even where the grievance process does not permit awards of money damages). The United States Supreme Court has held that exhaustion of administrative remedies under the PLRA requires that the prisoner complete the administrative review process in accordance with the applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378 (2006). Thus, in the context of the applicable PLRA § 1997e(a) exhaustion requirement, any question as to whether a procedural default may be found should a prisoner plaintiff fail to comply with the procedural rules of a prison's grievance system has been resolved: the PLRA exhaustion requirement can only be satisfied by "proper exhaustion of administrative remedies....," which means that a prisoner cannot satisfy the requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford v. Ngo, supra, at 84, 126 S. Ct. at 2382. Moreover, 42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002), but see Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010) (PLRA exhaustion requirement satisfied with respect to new claims within an amended or supplemental complaint so long as administrative remedies are exhausted prior to the filing of the amended or supplemental complaint).

<u>Administrative Exhaustion Procedure</u>

In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of appeal: 1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle,

3

1  985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. xv, § 3084.5). A final
2  decision from the Director's level of review satisfies the exhaustion requirement. <u>Id.</u> at 1237-38.
3      <u>Plaintiff's Allegations</u>
4      On April 29, 2009, defendant Correctional Officer (C/O) Beyer ordered plaintiff
5  to pack his property for a move to a different housing unit despite plaintiff's explaining to him
6  that he had physical limitations and qualifying disabilities under the Americans With Disabilities
7  Act (ADA) and that he had been ordered by the chief medical officer not to lift more than two
8  pounds. First Amended Complaint (FAC), p. 3. Plaintiff tried to move several boxes to show
9  defendant Beyer the chrono showing he had had recent surgery on the ulnar nerve in his left
10 hand, which had caused atrophy of the muscle. Id. In doing so, he re-injured his ulnar nerve
11 causing extreme pain and more muscle atrophy. Id. at 4. Plaintiff asked to speak to a lieutenant
12 or sergeant; instead, defendant Beyer hand-cuffed him, placed him in Administrative Segregation
13 and issued false misconduct charges against him alleging he was delaying a peace officer and
14 refusing to move. Id., at 3-4, 15, 25-29.
15     As to defendant C/O Carter, plaintiff claims that the day before, on April 28,
16 2010, he made false allegations against plaintiff to defendant Correctional Sergeant Fowler
17 which led to defendant Fowler's threatening to move plaintiff if he were disrespectful toward any
18 C/O. FAC, p. 4. Defendant Carter accused plaintiff of "snitching on the C/O's" by writing
19 inmate grievances and Men's Advisory Council (MAC) Reports to the associate warden. Id.
20 Plaintiff therefore alleges retaliation by these three defendants for his grievances resulting false
21 disciplinary charges in violation of his First Amendment rights. Id. He also alleges that plaintiff
22 violated his rights under the ADA. Id. Defendants Carter, Fowler and Beyer ultimately concede
23 administrative exhaustion as to each of these claims and they are not the subject of this motion.
24 MTD, pp. 1; 6; Reply, p. 1 n.1.
25     Plaintiff also claims that on Sunday, January 3, 2010, when plaintiff left his cell
26 to receive medication, defendant Palwick harassed him, asking him where he was going with his

4

1  Men's Advisory Council (MAC) folder, telling him he was not allowed to circulate and conduct
2  business on the week-end.  FAC, p. 6.  Plaintiff told defendant Palwick that a memo written by
3  the warden permitted members of the MAC executive body (which included plaintiff) could
4  circulate and conduct MAC business during open program hours and had been issued special
5  activity cards for that purpose.  Id. & p. 19 (copy of 5/13/09 memorandum).  Id.  Defendant
6  Palwick threatened plaintiff with a move to a different housing unit, ordering him to lock up in
7  his cell, which plaintiff claims was in retaliation for a captain having told defendants Palwick and
8  Seuber that plaintiff could conduct MAC business during program hours.  Id. at 6.

On February 14, 2010, plaintiff was paged and told to report back to his unit for being out of bounds while he was engaged in MAC business.  FAC, p. 8.  When plaintiff showed defendants Koelling and Seuber his MAC special activity card and the warden's January 31, 2001, memorandum[3] (apparently permitting plaintiff's activity on behalf of MAC), they disregarded the documentation because plaintiff was classified A2B and not allowed to participate in special activity group on the weekend.  Id.  Plaintiff claims that inmates with that classification are permitted such weekend activities, that he submitted a 602 in regard to retaliation he suffered through such on-going confrontations.  Id.  Plaintiff alleges that the January 3, 2010 and February 14, 2010 incidents described above resulted in retaliation in the form of another false disciplinary charge in the form of a serious rules violation report (RVR).  Id. at 6-9.  Plaintiff also claims that defendant Palwick guarded him at his last parole hearing, on March 15, 2010, and knows that the main request by the Board of Parole Hearings (BPH) was for plaintiff to remain disciplinary-free, accusing Palwick of acting in concert, i.e., conspiring, with other C/O's to fabricate false RVR's to cause him to be denied parole.  Id. at 10.

\\\\

\\\\

---

[3] Not included as an exhibit to the FAC.

Argument and Analysis

Defendants Koelling, Seuber and Palwick contend that from April 28, 2009, to May 21, 2010, the inmate appeals branch issued only one director's level appeal for plaintiff. MTD, citing the declaration of D. Foston, chief of the inmate appeals branch, ¶¶ 1, 3 and Exhibit (Exh.) 1.[4] According to Foston, the inmate appeals branch shows no submission of appeals screened at the third level after November 7, 2007, by which defendants apparently mean appeals that were screened out and returned. MTD, Foston Dec. ¶¶ 4, 5. As to the appeal log no. CSP-Sol 10-162, concerning the January 3, 2010 incident involving defendant Palwick, defendants' documentation indicates that the grievance did not proceed beyond the second level response, which although a partial grant, defendants maintain did not give plaintiff all the relief he requested. MTD, p. 5, Foston Dec., ¶ 3; Declaration of a CSP-Sol appeals coordinator, S. Cervantes, ¶¶ 1,4, Exh. 4. Even plaintiff's own exhibit does not show that he appealed the grievance to the third level as nothing is filled out by plaintiff in the portion to appeal to the third level. Opposition (Opp.), Exh. 4, pp. 23-24. Defendants submit evidence that plaintiff's grievance regarding defendants Koelling and Seuber and the RVR arising from the Feb. 14, 2010 incident, appeal log no. CSP-Sol 10-442, was filed on March 28, 2010, was partially granted at the second level and did not advance to the director's level, even though, defendants argue, plaintiff did not receive all the relief he requested in this instance as well. MTD, p. 5, Foston Dec., ¶ 3; Cervantes Dec.,¶ 4, Exh. 5. Again, plaintiff's own exhibit does not show that he submitted this grievance to the third level of review. Opp., Ex. 5, pp. 26-27. For some reason, neither defendants nor plaintiff include a copy of the second level appeal responses.

Plaintiff contends both that he did complete the administrative exhaustion process and the defendants were seen throwing plaintiff's grievance forms away. Opposition (Opp.), p.

---

[4] This exhibit does not actually contain the director's level response issued as to the RVR arising from the incident involving defendant Beyer (CSP-Sol 09-1567), but plaintiff has included it with his FAC at p. 17; in any event, as previously noted, his claims as to defendants Beyer, Carter, Fowler are not at issue in this motion.

31, Declaration of Inmate Harold Robertson, CDC # E-93742.  The problem with the affidavit produced by plaintiff is that the declarant states that he saw an angry defendant Beyer throw away a lot of plaintiff's personal property paperwork, including 602 grievances into a clear plastic garbage bag in a nearby trash can, evidently after plaintiff had been placed in Ad Seg for purportedly refusing to move to a different cell.  Robertson Dec., p. 9 of docket # 29.  However, the two grievances at issue would not have been generated yet as the underlying incidents had not yet occurred, and, in fact, the grievance related to defendant Beyer was subsequently administratively exhausted.  In addition, as to the March 15, 2010, allegation of conspiracy, to the extent that any such claim is adequately framed with regard to defendant Palwick, it is not clear what, if any, grievance was even initiated.  Plaintiff maintains that further discovery will make his point concerning exhaustion, but plaintiff does not sufficiently demonstrate how that is likely; nor does he contend, for example, that he never received the second level appeal responses for the grievances at issue or that the responses granted him all the relief he sought.  Opp., pp. 2-5.[5]  "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'"  Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005)[emphasis in original].  Pursuant to McKinney v. Carey, 311 F.3d 1198, the motion should be granted.

Accordingly IT IS ORDERED that an answer be filed on behalf of defendants Beyer, Carter and Fowler within seven (7) days or these defendants will be found to be in default.

---

[5] Plaintiff appears to believe that defendants have failed to comply with the court's order of December 7, 2010, directing service of the first amended complaint by filing a motion to dismiss on behalf of the defendants instead of an answer.  Opp., pp. 1-2.  As the defendants waived service of the summons (docket # 27), they were permitted 60 days from December 13, 2010, to file either an answer or a Rule 12 motion on behalf of defendants, which they did, but only as to some of the defendants.  It does appear that defendants Beyer, Carter and Fowler should have filed an answer, since those three defendants concede administrative exhaustion as to the claims against them.  Defendants' position that Rule 12(a)(4)(A) permits them an additional 14 days following adjudication of a Rule 12 motion unless the court sets a different time (Reply, pp. 2-3) is not well-taken with regard to those parties (defendants) who are not the subject of such a motion.  While the remaining defendants are not remiss in having filed a nonenumerated Rule 12(b) motion, the other defendants on behalf of whom no such motion was filed, at least by the time of the filing of the reply, should have filed an answer and will be directed to do so immediately or will be found to be in default.

1  IT IS HEREBY RECOMMENDED that defendants' February 3, 2011 (docket # 26), motion to dismiss for failure to exhaust administrative remedies be granted as to defendants Palwick, Koelling and Seuber and these defendants be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 05/23/2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
harp1253.mtd