IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY HARPOOL,

        Plaintiff,                No. CIV S-10-1253 MCE GGH P

    vs.

M. BEYER, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief under 42 U.S.C. § 1983. Plaintiff seeks a subpoena duces tecum form and a subpoena ad testificandum form signed by the court clerk but otherwise left blank, pursuant to Fed. R. Civ. P. 45.  While plaintiff is entitled to seek documentary evidence from third parties under Rule 45, a request for this court to issue a subpoena duces tecum brought within the context of discovery requires that the production sought falls properly within the scope of discovery under Fed. R. Civ. 26(b)(1). <u>Gibson v. Beer</u>, 2008 WL 2344340 *1(E.D. Cal. Jun 5, 2008); <u>Peyton v. Burdick</u>, 2008 WL 880573 *1 (E.D. Cal. Mar 31, 2008).  Plaintiff, who proceeds in forma pauperis, has failed to set forth what he seeks by way of any subpoena.  As any subpoena would have to be served by the United States Marshal, plaintiff must provide the information he seeks before this court will order a subpoena issued to him and will order the U.S. Marshal to serve any subpoena on plaintiff's behalf.

Moreover, "any fees required for service of subpoenas for documents on nonparties pursuant to Rule 45 are not waived based on plaintiff's in forma pauperis status." Miller v. Rufion, 2010 WL 1883462 *1 (E.D. Cal. 2010), citing Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir.1989). Plaintiff will be responsible for paying all costs associated with the subpoenas and any deposition.

Plaintiff has also requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances and plaintiff has exhibited sufficient knowledge to address the issues his case raises. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. In order for the court to order plaintiff be provided with a form for a subpoena duces tecum and/or a form for a subpoena ad testificandum (Docket No. 38 & No. 46) to be served by the U.S. Marshal on his behalf, plaintiff must provide information to the court within fourteen days as to how the information/documentation sought complies with Fed. R. Civ. P. 26(b)(1).

2. Plaintiff's request for the appointment of counsel (Docket No. 45) is denied.

DATED: September 15, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009/md
harp1253.31+