IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY L. HARPOOL,

        Plaintiff,                          No. CIV S- 10-1253 MCE GGH P

   vs.

M. BEYER, et al.,

        Defendants.            ORDER

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court are: 1) plaintiff's motion for a default judgment as to all defendants, filed on June 2, 2011; 2) plaintiff's motion to compel discovery, filed on August 8, 2011, to which he filed an "amendment on August 15, 2011, and to which defendants filed their opposition on August 24, 2011; 3) plaintiff's "informative" motion, filed on August 25, 2011; 4) plaintiff's motion in limine, filed on August 31, 2011; 5) plaintiff's motion for a court order requiring witnesses be brought to trial, filed on October 14, 2011.

Plaintiff's Allegations

        The allegations of the first amended complaint, as previously set forth in the order and findings and recommendations, filed May 24, 2011, have been modified by the order filed on

1  June 29, 2011, wherein defendants Palwick, Koelling and Seuber were dismissed for plaintiff's
2  failure to exhaust administrative remedies (adopting the f&rs filed on May 24, 2011).  On April
3  29, 2009, defendant Correctional Officer (C/O) Beyer ordered plaintiff to pack his property for a
4  move to a different housing unit despite plaintiff's explaining to him that he had physical
5  limitations and qualifying disabilities under the Americans With Disabilities Act (ADA) and that
6  he had been ordered by the chief medical officer not to lift more than two pounds.  First
7  Amended Complaint (FAC), p. 3.  Plaintiff tried to move several boxes to show defendant Beyer
8  the chrono showing he had had recent surgery on the ulnar nerve in his left hand, which had
9  caused atrophy of the muscle.  Id.  In doing so, he re-injured his ulnar nerve causing extreme pain
10 and more muscle atrophy.  Id. at 4.  Plaintiff asked to speak to a lieutenant or sergeant; instead,
11 defendant Beyer hand-cuffed him, placed him in Administrative Segregation and issued false
12 misconduct charges against him alleging he was delaying a peace officer and refusing to move.
13 Id., at 3-4, 15, 25-29.
14          As to defendant C/O Carter, plaintiff claims that the day before, on April 28,
15 2010, he made false allegations against plaintiff to defendant Correctional Sergeant Fowler
16 which led to defendant Fowler's threatening to move plaintiff if he were disrespectful toward any
17 C/O.  FAC, p. 4.  Defendant Carter accused plaintiff of "snitching on the C/O's" by writing
18 inmate grievances and Men's Advisory Council (MAC) Reports to the associate warden.  Id.
19 Plaintiff therefore alleges retaliation by these three defendants for his grievances resulting in false
20 disciplinary charges in violation of his First Amendment rights.  Id.  He also alleges that plaintiff
21 violated his rights under the ADA.  Id.  Plaintiff seeks injunctive relief and money damages.  Id.,
22 at 11.
23 Motion for a Default Judgment (Entry of Default)
24          No entry of default has been made concerning the defendants at issue; therefore,
25 the undersigned construes plaintiff's motion as one for entry of default and default judgment *per*
26 *se*.


1  June 29, 2011, wherein defendants Palwick, Koelling and Seuber were dismissed for plaintiff's
2  failure to exhaust administrative remedies (adopting the f&rs filed on May 24, 2011).  On April
3  29, 2009, defendant Correctional Officer (C/O) Beyer ordered plaintiff to pack his property for a
4  move to a different housing unit despite plaintiff's explaining to him that he had physical
5  limitations and qualifying disabilities under the Americans With Disabilities Act (ADA) and that
6  he had been ordered by the chief medical officer not to lift more than two pounds.  First
7  Amended Complaint (FAC), p. 3.  Plaintiff tried to move several boxes to show defendant Beyer
8  the chrono showing he had had recent surgery on the ulnar nerve in his left hand, which had
9  caused atrophy of the muscle.  Id.  In doing so, he re-injured his ulnar nerve causing extreme pain
10 and more muscle atrophy.  Id. at 4.  Plaintiff asked to speak to a lieutenant or sergeant; instead,
11 defendant Beyer hand-cuffed him, placed him in Administrative Segregation and issued false
12 misconduct charges against him alleging he was delaying a peace officer and refusing to move.
13 Id., at 3-4, 15, 25-29.
14          As to defendant C/O Carter, plaintiff claims that the day before, on April 28,
15 2010, he made false allegations against plaintiff to defendant Correctional Sergeant Fowler
16 which led to defendant Fowler's threatening to move plaintiff if he were disrespectful toward any
17 C/O.  FAC, p. 4.  Defendant Carter accused plaintiff of "snitching on the C/O's" by writing
18 inmate grievances and Men's Advisory Council (MAC) Reports to the associate warden.  Id.
19 Plaintiff therefore alleges retaliation by these three defendants for his grievances resulting in false
20 disciplinary charges in violation of his First Amendment rights.  Id.  He also alleges that plaintiff
21 violated his rights under the ADA.  Id.  Plaintiff seeks injunctive relief and money damages.  Id.,
22 at 11.
23 Motion for a Default Judgment (Entry of Default)
24          No entry of default has been made concerning the defendants at issue; therefore,
25 the undersigned construes plaintiff's motion as one for entry of default and default judgment *per*
26 *se*.

Plaintiff is correct that defendants Beyer, Carter and Fowler should have filed their "answer or a motion under Rule 12" within 60 days of December 13, 2010.[1]  Motion, p. 1. Instead, a motion to dismiss for failure to exhaust administrative remedies was filed timely on behalf of now former defendants Koelling, Palwick and Seuber, but as to the three remaining defendants it was simply conceded that plaintiff had administratively exhausted his claims as to them.  In footnote 5 of the Order and Findings and Recommendations, filed on May 24, 2011, the undersigned stated the following:

> Plaintiff appears to believe that defendants have failed to comply with the court's order of December 7, 2010, directing service of the first amended complaint by filing a motion to dismiss on behalf of the defendants instead of an answer. Opp., pp. 1-2. As the defendants waived service of the summons (docket # 27), they were permitted 60 days from December 13, 2010, to file either an answer or a Rule 12 motion on behalf of defendants, which they did, but only as to some of the defendants. It does appear that defendants Beyer, Carter and Fowler should have filed an answer, since those three defendants concede administrative exhaustion as to the claims against them. Defendants' position that Rule 12(a)(4)(A) permits them an additional 14 days following adjudication of a Rule 12 motion unless the court sets a different time (Reply, pp. 2-3) is not well-taken with regard to those parties (defendants) who are not the subject of such a motion. While the remaining defendants are not remiss in having filed a nonenumerated Rule 12(b) motion, the other defendants on behalf of whom no such motion was filed, at least by the time of the filing of the reply, should have filed an answer and will be directed to do so immediately or will be found to be in default.

Defendants Beyer, Carter and Fowler were therein subsequently ordered to file an answer within seven (7) days or be found in default.  The answer was filed two days later, on May 26, 2011. Thus, while plaintiff is correct that an answer on behalf of these defendants should have been filed earlier, which the undersigned has previously recognized, and his frustration with defendants, or their counsel, is understandable, the court did permit defendants the opportunity to file an answer, within a very narrow timeline.  Plaintiff was aware of this when he filed this

---

[1] See Docket # 27.

3

motion as is evidenced in the motion and should also be aware that the court would be highly unlikely to find the defendants in default after complying with this order. The motion for entry of default will be denied.

Motion to Compel

In the original motion, plaintiff moved, under Fed. R. Civ. P. 37, for a response to all of his discovery requests propounded upon the defendants. See Motion to Compel (MTC), pp. 1-4. In his "amendment" to his motion to compel, filed subsequently, plaintiff conceded that the defendants had submitted responses to: his requests for admissions directed toward all defendants; his "first set of interrogatories" propounded upon all defendants and his requests for production of documents directed to all defendants, which he received on or about August 8, 2011. AmMTC, p. 1. However, plaintiff contended that the responses were vague, ambiguous and evasive, and plaintiff argued that defendants had yet to respond to his "Depositions by written questions" which he had served on the defendants. Id.

Citing Fed. R. Civ. P. 37(a)(4), which states that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond," plaintiff argues that he is entitled to his expenses in bringing the motion, including a reasonable attorney's fee, should he prevail on his motion. AmMTC, p. 2. Of course, plaintiff, who is not an attorney, cannot qualify for attorney's fees. Plaintiff argues that sanctions should be imposed for the defendants' alleged failure to respond to plaintiff's discovery motions and to the court's scheduling order. Id., at 3. He also, in perhaps unwittingly self-defeating fashion, argues that among the sanctions to be imposed could be the dismissal of this action "in whole or in part...." Id.

In opposition, defendants aver that they have fully responded to all of plaintiff's discovery requests. Opposition (Opp.), p. 1. In doing so, however, they contend that the motion should be denied based on two other grounds. Id. The first basis for denying the motion is that plaintiff failed to confer or attempt to confer with defendants concerning his dissatisfaction with

1  the discovery responses.  Id., at 1-3.  Defendants argue that although plaintiff states in his initial
2  motion to compel, which they maintain was filed before the discovery responses were due, he set
3  forth in an unsworn statement that he had "'conferred or attempted to confer with all
4  defendants'" before involving the court, without stating any facts, providing any evidence  or
5  describing any circumstances to support that averment.  Id., citing MTC, p. 2:12-15.  Defendants
6  are correct that plaintiff does not provide definitive support for this assertion.  Defendant's
7  counsel, by contrast, provides a sworn declaration that at the time of the filing of the amended
8  motion to compel, complaining of the putative inadequacy of defendants' discovery responses
9  once plaintiff  had received them, counsel had not received then or since any communication
10 from plaintiff addressing defendants' responses and plaintiff in the amended motion makes no
11 reference to conferring.  Opp., p. 2 & Declaration of David Carrasco, ¶ 4.

12    Recognizing that plaintiff could argue that he was not obligated to confer or make
13 the attempt because the Discovery and Scheduling Order (docket # 35), filed on June 6, 2011,
14 states that Local Rule 251 does not apply, defendants nevertheless contend that plaintiff cannot
15 be absolved of the responsibility to meet and confer in light of Fed. R. Civ. P. 37(a)(1).  Opp., p.
16 2.  Rule 37(a)(1) requires a party moving to compel discovery to include in a motion "a
17 certification that the movant has in good faith conferred or attempted to confer with the person or
18 party failing to make disclosure or discovery in an effort to obtain it without court action."
19 Defendants cite Atchison, Topeka and Santa Fe Ry. Co. v. Hercules, Inc., 146 F.3d 1071, 1074
20 (9th Cir. 1998), which states "[t]he Federal Rules are 'as binding as any statute duly enacted by
21 Congress, and federal courts have no more discretion to disregard [a Rule's] mandate than they
22 do to disregard constitutional or statutory provisions,' quoting Bank of Nova Scotia v. United
23 States, 487 U.S. 250, 255, 108 S.Ct. 2369 [](1988)."

24    Fed. R. Civ. P. 1 provides that the rules (including Rule 37) "should be construed
25 and administered to secure the just, speedy, and inexpensive determination of every action and
26 proceeding."  This rule serves as a basis for the formulation of L.R. 251, as well as for exempting

the parties from that local rule (and hence also Rule 37) in cases where prisoners proceed pro se. Defendants' counsel is reminded that in seeking ex parte extensions of time, deputy attorneys general habitually cite as a reason they cannot obtain a stipulation is that efficient and timely communication with an incarcerated person is highly impractical. This rationale expressed in another context which assists defendants in general, of course, serves as the significant, practical reason for omitting the application of Local Rule 251 to prisoner pro se cases. Required meet and confers in the pro se prisoner litigation context would seem to be unjust, tardy and expensive. Nevertheless, in light of defendants' adamant position that, despite the language of the Discovery and Scheduling Order, which expressly states that, "unless otherwise ordered, Local Rule 251 shall not apply," a certification of meet and confer should apply to this prisoner pro se case, the court in this instance will accept defendants' argument and in doing so now apply Local Rule 251 to these proceedings.

The court notes that this modification renders moot defendants' second argument for why the motion should be dismissed. Defendants are correct that plaintiff has failed to provide the discovery responses and to identify to the court the responses at issue (Opp., p. 3); however, the court will now consider this amendment to the motion as a notice of motion under L.R. 251(a). Before the motion may be heard, the parties must "have conferred and attempted to resolve their differences" and "must have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement." L.R. 251(b). Because plaintiff is imprisoned, defendants' counsel must arrange to meet and confer with him concerning plaintiff's dissatisfaction with defendants' responses. The meet and confer must be personal in nature; in this case, an exchange of letters would be highly impractical, unduly time consuming, and probably futile. Should plaintiff remain dissatisfied following the conference, counsel, and not plaintiff pro se, must draft, send to plaintiff for his signature, and file the joint statement required under L.R. 251(c). The court will construe the timing of the notice of motion to be filed as of the date of this order and defendants' counsel will have twenty-one days to submit the joint

statement. As plaintiff has no counsel, no hearing will be required; rather the court will rule on the papers.

<u>Miscellaneous Motions</u>

Plaintiff's "informative" motion regarding Pleasant Valley State Prison's (PVSP's) alleged failure to follow federal guidelines in handling outgoing legal mail. See docket # 47. Plaintiff primarily seems to be concerned about the way legal mail is (or is not) logged in the prison, an issue that does not appear to have any relation to federal guidelines for handling mail, plus the loss of documents, dated July 5, 2011, that he says contained discovery documents to be served on the supervising deputy attorney general (defendants' counsel, apparently). Plaintiff mixes these requests with complaints about how much time he is permitted to have preferred legal user status (PLU). He seeks a court order stating that he should have continual PLU status. As far as the discovery documents, it appears that defendants have received them as their motion to compel was withdrawn rendering the issue moot. See docket # 42. Plaintiff's motion regarding the prison and federal mailing guidelines is amorphous and unsupported and will be denied. With regard to his request for perpetual PLU status, plaintiff does not allege that he is under a present obligation to submit documents within a time certain and thus has not demonstrated that his right of access to the courts is being impaired. The court will not set a deadline merely for the purpose of insuring the plaintiff additional library time.

Furthermore, no trial date has yet been set. The deadline for filing a dispositive pretrial motion is not until December 16, 2011. Discovery and Scheduling Order (docket # 35), filed on June 6, 2011. Plaintiff's motion in limine and his motion for a court order requiring witnesses to be brought to court at trial are denied as premature.

Accordingly IT IS ORDERED:

1. Plaintiff's motion for a default judgment against the defendants, filed on June 2, 2011 (docket # 34), is denied;

\\\\

2. Plaintiff's motion to compel discovery, filed on August 8, 2011 (docket # 40), as amended by filing dated, August 15, 2011 (docket # 43), is vacated from the court's calendar;

3. Discovery is re-opened for this limited purpose and plaintiff's amended motion to compel discovery, filed on August 15, 2011 (docket # 43), is now construed as plaintiff's notice of motion to compel discovery, pursuant to L.R. 251(a), and is deemed filed on the date of this order;

4. As set forth above, defendants' counsel must arrange to meet and confer with plaintiff pro se regarding any discovery disagreement and, if the matters are not resolved, to submit a joint statement re: discovery disagreement, per L.R. 251(c), within twenty-one days of the date of this order;

5. Because plaintiff is unrepresented, the court will thereafter resolve this discovery matter without a hearing.

6. Plaintiff's "informative" motion, filed on August 25, 2011 (docket # 47), regarding mail procedures and library access, is denied;

7. Plaintiff's motion in limine, filed on August 31, 2011 (docket # 48), and his motion for a court order requiring witnesses be brought to court at trial, filed on October 14, 2011 (docket # 52), are both denied without prejudice as premature.

DATED: October 25, 2011

    /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
harp1253.ord