1

2

3

4

5

6

7                        IN THE UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9    GARY L. HARPOOL,

10              Plaintiff,                    No. CIV S-10-1253 MCE GGH P

11        vs.

12   M. BEYER, et al.,

13              Defendants.                   ORDER

14   _____/

15            By order, filed on October 25, 2011, this court vacated the filing date of plaintiff's

16   then pending motion to compel discovery as amended and deemed the amended motion as

17   plaintiff's notice of motion, filed on October 25, 2011, pursuant to L.R. 251(a).  See docket # 54.

18   Discovery was re-opened for the limited purpose of adjudicating this motion and defendants'

19   counsel was directed to meet and confer with plaintiff to resolve discovery disagreements, and if

20   matters remained unresolved, to submit a joint statement re: discovery disagreement, per L.R.

21   251(c), within twenty-one days.  See, id.  Defendants' counsel submitted a joint statement

22   timely, evidently following a telephonic meet-and-confer with plaintiff.  See docket # 57.

23   Plaintiff's Allegations

24            Plaintiff now proceeds against defendants Correctional Officer (C/O) Beyer; C/O

25   Carter; and Correctional Sergeant Fowler in the remaining allegations of the first amended

26   complaint.  On April 29, 2009, defendant C/O Beyer ordered plaintiff to pack his property for a

1

1 move to a different housing unit despite plaintiff's explanation to him that he had physical

2 limitations and qualifying disabilities under the Americans With Disabilities Act (ADA) and that

3 he had been ordered by the chief medical officer not to lift more than two pounds.  First

4 Amended Complaint (FAC), p. 3.  Plaintiff tried to move several boxes to show defendant Beyer

5 the chrono showing he had had recent surgery on the ulnar nerve in his left hand, which had

6 caused atrophy of the muscle.  Id.  In doing so, he re-injured his ulnar nerve causing extreme pain

7 and more muscle atrophy.  Id. at 4.  Plaintiff asked to speak to a lieutenant or sergeant; instead,

8 defendant Beyer hand-cuffed him, placed him in Administrative Segregation and issued false

9 misconduct charges against him alleging he was delaying a peace officer and refusing to move.

10 Id., at 3-4, 15, 25-29.

11      Plaintiff claims that the day before, on April 28, 2010, defendant C/O Carter had

12 made false allegations against him (plaintiff) to defendant Corr. Sgt. Fowler which had led to

13 defendant Fowler's threatening to move plaintiff if he were disrespectful toward any C/O.  FAC,

14 p. 4.  Defendant Carter accused plaintiff of "snitching on the C/O's" by writing inmate

15 grievances and Men's Advisory Council (MAC) Reports to the associate warden.  Id.  Plaintiff

16 therefore alleges retaliation against him by these three defendants for his grievances, resulting in

17 false disciplinary charges in violation of his First Amendment rights.  Id.  He also alleges that

18 defendant Beyer violated his rights under the ADA.  Id., at 4-5.  Plaintiff seeks injunctive relief

19 and money damages.  Id., at 11.

20 Motion to Compel- Joint Statement

21      As correctly identified in the joint statement, plaintiff's motion to compel is

22 directed to each defendant's responses to plaintiff's requests for admissions, interrogatories,

23 requests for production of documents and to defendants' failure to respond to plaintiff's

24 deposition of defendants by written questions.  Joint Statement (JS), p. 2.

25 \\\\\

26 \\\\\

2

1    <u>*Requests for Admissions*</u>

2    <u>Defendant Beyer</u>

3    As to defendant Beyer, plaintiff propounded twelve requests for admission upon

4    him. JS, p. 2, Attachment 1.  Although it is posited by counsel that defendant denied each request

5    and stands by each denial, as to request for admission (RFA) no. 7, it appears that the defendant,

6    objecting on the basis that the request was compound, actually denied and admitted different

7    portions.  <u>Id</u>.  As to RFA no. 9, defendant Beyer does not admit or deny having thrown plaintiff's

8    property, including legal documents, into the trash, but avers that he cannot recall, recounting his

9    custom and practice as being only to throw away contraband.  <u>Id</u>.  The court will deem this

10   response a denial.  With those caveats, the court's review demonstrates that, notwithstanding

11   objections raised as to some requests, defendant Beyer expressly denied each of the other

12   requests.  <u>Id</u>.

13   Although plaintiff does not believe that defendant Beyer's denials are truthful and

14   that they contradict statements this defendant made at plaintiff's disciplinary hearing (which

15   gives rise to the gravamen of plaintiff's claims against this defendant), the court cannot compel a

16   further response.  Attachment no. 13 is a copy of the disciplinary hearing at issue and it is not

17   readily apparent that defendant Beyer's responses to the RFA contradicts his testimony there.

18   Plaintiff may seek to impeach this defendant in any declaration or testimony he offers with any

19   perceived contradictions; however, since it is evident that defendant Beyer stands by his

20   responses, the court cannot compel any further response from him as to the requests for

21   admission.

22   <u>Defendant Carter</u>

23   Plaintiff propounded eight requests for admission upon defendant Carter.  JS, p. 2,

24   Attachment 4.  The court's review shows that as to RFA nos. 1, 2, 3, 6, defendant Carter asserts

25   that he "lacks sufficient knowledge or information to admit or deny this request."

26   \\\\\

RFA no. 1:  You did have an encounter or confrontation with the plaintiff Harpool on or about April 27, 2009 and/or April 28, 2009?

RFA no. 2: On or about April 27, 2009 and/or April 28, 2009, you was [sic] never disrespected by the plaintiff Harpool?

RFA no. 3: On April 27th and/or April 28, 2009, you did contact defendant Fowler via institutional telephone and ask for guidance, instruction for a confrontation you had with plaintiff Harpool?

RFA no. 6: On April 27th and/or April 28, 2009, you did contact defendant Fowler who came and spoke with you about the log book that a [sic] inmate was keeping concerning the yard/dayroom releases?

JS, Attachment 4.

As to each of these RFA, the response is simply "responding party lacks sufficient knowledge or information to admit or deny this request for admission."

Fed. R. Civ. P. 36(a)(4) states, in relevant part:

An answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

The parties indicate that plaintiff continues to find these (and all) responses untruthful because he believes them to be contradicted by evidence he intends to present, including the testimony of other inmates, and because he believes defendant Carter does not, in fact, lack the knowledge or information to admit or deny the requests.  JS, p. 3.  Nevertheless, defendant Carter continues to decline to change any of his responses.  Id.

The court finds that defendant Carter's responses to RFA nos. 1, 2, 3, and 6 do not require a supplemental response.  Generally, a defendant must do some basic inquiry about a certain request, and state the level of inquiry made.  However, in a situation where it is not likely that information was written down or should have been, there may be little or nothing to consult – the matter is strictly one of memory.  The requests at issue would seem to simply inquire about the defendant's memory, and the court will presume there were not written materials to consult.

*However, given this ruling, and defendant's implicit statement that no material exist with which he could obtain his recollection, if any, of the asserted events, defendant will not be permitted at trial or summary judgment to testify to a restored memory on the subjects of the requests above at odds with his statement here that he simply does not have enough information to give a response on the merits.[1]*

As to RFA no. 2, the undersigned finds that request too ambiguous or speculative to require a further response.

With regard to RFA nos. 4, 5, 7 and 8, the court's review indicates that defendant Carter essentially denied no. 4, objected to no. 5 accurately as compound but nevertheless denied two of its subparts and claimed a lack of sufficient knowledge or information to respond to the third, objected to but denied no. 7, objected to but admitted in no. 8 to having had two or three "verbal encounters" with plaintiff, although he could not recall their nature.  The court finds that compelling further responses as to these requests is not warranted.

<u>Defendant Fowler</u>

Plaintiff believes that defendant Fowler is not being truthful in his responses to the requests for admission for the same reasons as expressed against the other defendants, while defendant Fowler has no inclination to alter his responses.  JS, p. 3.  The court's review shows that defendant Fowler denied RFA nos. 4, 5, and 7 and denied no. 6 on belief.  JS, Attachment 7. As to RFA nos. 1, 2 and 3, defendant Carter indicated that he lacked sufficient knowledge or information to admit or deny this request for admission.  Number 1 has been answered sufficiently.  For the same reasons as articulated above with respect to defendant Carter, \\\\\

---

[1] The utility of requests for admission to narrow the factual controversies in a case would be completely eviscerated, if a party were allowed to "play dumb" for the responses, only to have schooled responses ready for the trier of fact.  The court has reviewed Carter's declaration submitted as a basis for summary judgment and does not find that Carter is attempting to testify to facts he could not recollect for the requests for admissions.

1  defendant Fowler will not be directed to supplement his responses to RFA no. 2 and RFA no. 3.[2]

2  *However, again, defendant Fowler, because of his implicit response that he inquired as to make*

3  *himself able to admit or deny that request, will not be permitted to testify to the subject of these*

4  *requests.*

5         Where plaintiff objects to defendant Fowler's response when he has given a

6  definitive one, regardless of whether plaintiff suspects the veracity of the response, the court

7  cannot compel more.

8         <u>*Interrogatories*</u>

9         Plaintiff propounded fifteen interrogatories upon defendant Beyer.  JS, p. 3,

10  Attachment 2.  Defendant Beyer maintains a response is provided to each.  <u>Id.</u>  Plaintiff is

11  evidently dissatisfied with eleven of this defendants' responses.  <u>Id.</u>  The court agrees with

12  defendant Beyer (as well as defendants Carter and Fowler), with respect to Interrogatory (INT)

13  no. 1, that it is sufficient that plaintiff is provided with the initial of this C/O's  first name (and,

14  of course, last name) and that plaintiff is not prejudiced by not having the full first name.  <u>Id.</u>

15  The court will not require, for security reasons, that he or any other defendant provide a fuller

16  name.  As to all other interrogatories, while defendant Beyer occasionally has interposed

17  objections, the court's review has determined that almost all interrogatories have a substantive

18  

19      [2] RFA no. 2: On April 27, 2009 and/or April 28, 2009, you did contract [sic] defendant

20  Carter via institutional telephone and he asked you for instructions for a confrontation he had
   with plaintiff Harpool?

21        Response: Responding Party lacks sufficient knowledge of
         information to admit or deny this request for admission.

22  

23      RFA no. 3: On April 27, 2009 and/or April 28, 2009, you did "page" for plaintiff
   Harpool via Facility one, "P.A. System" and plaintiff reported to the facility one
   program office?

24  

25        Response: Responding Party lacks sufficient knowledge of
         information to admit or deny this request for admission.

26  JS, Attachment 7.

response.  With respect to INT no. 14, the only question to which defendant Beyer indicates that he lacks sufficient knowledge or information to respond, the question – whether "on or before April 29, 2009 " this defendant spoke with defendants Carter and Fowler, and inquiring as to the nature of any such conversation – the question is indeed vague and overboard as well.  Plaintiff's objections to defendant Beyer's responses to INT nos. 5, 7 and 8 are predicated, according to the joint statement, upon plaintiff's belief that the answers are false and that the defendant should know they are false because he gave contrary responses at plaintiff's disciplinary hearing.  JS, p. 3.  Plaintiff's dissatisfaction with Beyer's responses to INT nos. 9-15 arise from plaintiff's belief that defendant Beyer's responses to these interrogatories are knowingly false and documentation will prove this.  Id., at 3-4.  Defendant Beyer, on the other hand, does not believe his answers contradict his statements at the disciplinary, but even if that were so, he stands by the answers and declines to modify them.  If plaintiff believes these responses are false and that can be proven, plaintiff may seek to impeach defendant Beyer at trial.  However, this court finds that since substantive responses are provided, further responses cannot be compelled.  Plaintiff's motion must be denied as to defendant Beyer's interrogatory responses.

Defendant Carter

Plaintiff propounded twelve interrogatories upon defendant Carter.  JS, p. 3, Attachments 5.  Plaintiff is evidently satisfied only with defendant Carter's response to INT no. 2 asking by whom he was employed on April 28, 2009.  Id.  Plaintiff believes that defendant Carter's responses to nos. 3-8 are demonstrably false and defendant Carter evidently disagrees and declines to change any.  JS, p. 4.  After the court's review, for very much the same reason that defendant Carter will not be required to supplement some of his responses to plaintiff's RFA (see above), he must do so with the following:

> INT no. 6: On April 27th, 2009 or April 28th 2009, did the Plaintiff Harpool disrespect you and did you write a disciplinary report against plaintiff Harpool?

\\\\\

Response: Responding Party does not recall whether plaintiff Harpool did or said anything that was disrespectful to responding party on April 27 or 28, 2009, but does not believe that he wrote a disciplinary report against plaintiff concerning any incident on those dates.

INT no. 7: On April 27th, 2009 or April 28th 2009, did you contact Sergeant Fowler/defendant Fowler via Inst. Telephone and ask for guidance, instructions for a confrontation you had with plaintiff Harpool?

Response: Responding Party does not recall and lacks sufficient information or belief to provide any further answer to this interrogatory.

INT no. 10: Did defendant Fowler come and speak to you about the log book that a [sic] inmate was keeping concerning the yard/dayroom releases?

Response: Responding Party objects to this interrogatory on the ground that it is vague and to time.  Responding Party does not recall that [sic] Sergeant Fowler came to speak with him about a log book that an inmate was keeping concerning yard/dayroom releases.

INT no. 11: Have you ever had problems and/or wrote any disciplinary reports against plaintiff Harpool on or prior to April 28, 2009.

Response: Responding Party does not recall writing any disciplinary reports against plaintiff on or before April 28, 2009.

As to the preceding responses, defendant Carter does not indicate that he has done anything beyond consulting his memory in order to provide a response.  But again, the nature of the information sought would tend to be a "memory only" situation.  *But once more, having been presumed to have made the inquiry required of the rules, defendant Carter will not be permitted at trial to have an epiphany with respect to the information requested.*

<u>Defendant Fowler</u>

Plaintiff propounded eight interrogatories upon defendant Fowler.  JS, p. 3, Attachment 8.  Apparently, plaintiff is only satisfied with this defendant's response to INT. no. 2, wherein Fowler informed plaintiff that he was employed by the California Department of Corrections and Rehabilitation [on April 27-28, 2009].  The court will not reprise the parties'

1  positions as to this defendant's other responses.  The motion is denied.  *Fowler again will be*

2  *bound by his responses in any testimony that he gives.*

3  *Requests for Production of Documents*

4  As noted in the joint statement, plaintiff propounded three identical requests to

5  each defendant.  JS, p. 4, Attachments 3, 6 & 9.  The first two requests seek production of

6  plaintiff's medical and central prison file records; in RFA no. 1, he asks for all of his medical and

7  central file records from January 2008 to the present and in RFA no. 2, he seeks all of his

8  medical and central file records "to be produced before any deposition and/or jury trials."  Id.

9  The third request asks for "the (ADA) log book that was in building #3 at CSP-Solano on or

10  about April 27, 2009 and/or April 28, 2009" to defendant Fowler and for production of the same

11  logbook for "on or about April 29, 2009" to defendants Beyer and Carter.  JS, Attachments 3, 6

12  & 9.  Defendants have objected that they do not have possession, custody or control of plaintiff's

13  medical and central file records and have advised plaintiff in their responses that he can "inspect

14  his medical file through established procedures at that institution where he is housed."  Id.

15  In the joint statement, defendants' counsel explains that when plaintiff served his

16  discovery requests upon defendants he was no longer housed at CSP-Solano, where the events

17  from which this case arises occurred and where defendants work.  JS, p. 5.  Rather at that time,

18  plaintiff was housed at Pleasant Valley State Prison (PVSP), where he remains; thus, "if

19  defendants ever had possession, custody, or control of Harpool's medical and central file records,

20  they did not have such once Harpool was transferred to PVSP."  Id.  During their telephonic

21  conference, defendants' counsel offered to help ensure that arrangements were made promptly

22  for plaintiff's inspection of his medical and central files if plaintiff made a request through the

23  established channels such as through his counselor.  Id.  However, because plaintiff believes

24  defendants could provide the records through computer access, he continues to demand that the

25  defendants produce the documentation.  Id.

26  \\\\\

1    Defendants also state that they will not be taking any deposition of plaintiff (with

2 respect to RFA no. 2) as discovery is closed (id.) (that is, with respect to all discovery but this

3 motion).  They also assert that should this case go to trial, plaintiff will have access to

4 defendants' list of trial exhibits.  Id.  Also, of course, plaintiff would have pre-trial access to

5 defendants' intended trial exhibits pre-trial when they are exchanged between the parties.

6    As to access to his medical and central records, the court will require defendants'

7 counsel to ascertain that plaintiff has prompt access to them at his present facility, should

8 plaintiff wish to inspect them there, as these records should have accompanied plaintiff to PVSP,

9 but defendants themselves will not be required to produce any such records at this time.  As to

10 plaintiff's third request, defendants stated that they lacked possession, custody or control of the

11 ADA logbook in CSP-Solano building 3 on April 29, 2009, but plaintiff maintains that as one or

12 more of the defendants work in that area that they have control of what he has requested.  JS, pp.

13 5-6.  Defendants dispute that use of the log book in their work area means that they have control

14 of it and refuse to alter their response.

15    Defendants will be required to produce the portion of the ADA logbook

16 requested.  Plaintiff has sued the defendants in both their official and individual capacities and

17 has sought injunctive relief as well as money damages.  Although plaintiff's subsequent transfer

18 has likely rendered his claims for injunctive relief moot, see, e.g., Sample v. Borg, 870 F.2d 563

19 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986), at this point plaintiff

20 still proceeds against the defendants in their official capacities and, at a minimum, defendant

21 Fowler, in his capacity as a Correctional Sergeant, should have sufficient control of the log book

22 to be able to produce the requested documentation.  The documentation appears to be particularly

23 relevant since plaintiff has sued at least one defendant, C/O Beyer, pursuant to the ADA.

24    *Deposition by Written Questions*

25    Plaintiff purported to propound, under Fed. R. Civ. P. 31, "Depositions by Written

26 Questions" upon each defendant.  See JS, p. 6, Attachments 10-12.  Under Fed. Rule 31(a)(3), in

10

the required notice that a party who wishes to depose a person by written questions, inter alia, "the name or descriptive title and address of the officer before whom the deposition will be taken" must be stated.   Under Rule 31(b), "[t]he party who noticed the deposition must deliver to the officer a copy of all the questions served and of the notice."   Thereafter, the officer is to take the testimony of the deponent, prepare and certify the deposition and return it to the deposing party.  As defendants observe, plaintiff failed to comply with the requisites for taking depositions by written questions.  In addition, the court's review indicates that plaintiff's deposition questions largely duplicate his requests for admission and/or interrogatories propounded upon the defendants.  The motion as to the plaintiff's deposition by written questions must be denied.

Motion for Summary Judgment

Defendants filed a motion for summary judgment on October 26, 2011, to which plaintiff filed his opposition, after which defendants filed a subsequent reply.  In his November 7, 2011, opposition, plaintiff noted, inter alia, that discovery had remained re-opened for the limited purpose addressed herein.  Plaintiff will be granted an opportunity to supplement his opposition and defendants to supplement their reply, as set forth below.

Accordingly IT IS ORDERED:

1.  Plaintiff's motion to compel discovery, deemed filed on October 25, 2011 (for which limited purpose discovery has been re-opened) is denied in part and granted in part, as follows:

a) DENIED as to defendant Beyer's responses to plaintiff's requests for admission (RFA);

b) DENIED as to defendant Carter's responses to RFA nos. 1, 2, 3 and 6, as set forth above;

c) DENIED as to defendant Fowler's responses;

\\\\\

1        d) DENIED as to defendant Beyer's responses to plaintiff's interrogatories, set

2    one;

3        e) DENIED as to defendant Carter's responses to plaintiff's interrogatories;

4        f) DENIED as to defendant Fowler responses to interrogatories;

5        g) GRANTED as to plaintiff's request for production of documents no. 3, directed

6    to defendants, but DENIED as to plaintiff's requests for production of documents, nos. 1 and 2,

7    however, defendants' counsel must ensure plaintiff has prompt access to his medical and central

8    file records at PVSP if plaintiff wishes to inspect them there; plaintiff has twenty-one days from

9    the filed date of this order to inform defendants of his decision in that regard;

10        h) DENIED as to plaintiff's "Deposition by Written Questions," deficiently served

11    upon the defendants.

12        2.  Plaintiff may supplement his opposition to defendants' pending summary

13    judgment motion within forty-five days of the date of this order and defendants may supplement

14    their reply within seven days thereafter, after which the motion will be deemed submitted.

15    DATED: February 16, 2012

16                                       /s/ Gregory G. Hollows
                                     UNITED STATES MAGISTRATE JUDGE
17
      GGH:009
18    harp1253.ord2

19

20

21

22

23

24

25

26